CITY OF CINCINNATI, APPELLEE, *v.*
SMITH, APPELLANT.

(No. C-850620 — Decided May 7, 1986.)

*Richard A. Castellini,* city solicitor, *Paul J. Gorman,* city prosecutor, and *Chad C. Warwick,* for appellee.

*Kenneth J. Koenig,* for appellant.

HILDEBRANDT, J. The appellant, Deborah Sue Smith, appeals from her conviction by the court below, without the intervention of a jury, of obstructing justice as defined by R.C. 2921.32.[1] The record discloses that on July 10, 1985, Cincinnati police officers went to the Quebec Avenue apartment complex in

---

[1] During oral argument, counsel for the state and for Smith agreed that Smith was convicted under division (A)(1) of R.C. 2921.32 which provides as follows:

"(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for [a] crime, or to assist another to benefit from the commission of a crime, shall do any of the following:

"(1) Harbor or conceal such other person[.]"

which Smith resided. The officers were armed with outstanding traffic capiases for one Tony King, who resided in the apartment immediately adjacent to that occupied by Smith. While one officer knocked on the front door of King's apartment, several officers positioned themselves at the rear of his apartment in order to watch the back door. There, they observed King, who was known to them, exit his apartment and enter the rear door of Smith's apartment.[2]

The officers then knocked on the rear door of Smith's apartment and she responded. The officers indicated to Smith that they had observed King enter her apartment. She responded that she was alone. The officers restated what they had observed and received the same response from Smith. The officers then advised her of R.C. 2921.32 and stated that they would charge her if King were found within. Smith then admitted the officers to her apartment and they again inquired of King's whereabouts. Smith stated that she did not want to become involved. Thereafter, the officers discovered King secreted in Smith's living room closet. King was arrested on the traffic capiases; Smith was charged with obstructing justice and was convicted as stated above.

From that judgment Smith brings this timely appeal in which she asserts four assignments of error. We choose to discuss the third assignment of error first.

As her third assignment of error Smith attacks the constitutionality of R.C. 2921.32, alleging that it requires a person to make self-incriminating statements. The assignment fails because it was not raised during the proceedings below. "It is well founded that a constitutional question can not be raised in a reviewing court unless it appears it was urged in the trial court." (Citations omitted.) *State, ex rel. Specht,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 178, 182, 20 O.O. 3d 191, 194, 420 N.E. 2d 1004, 1007. See, also, *State* v. *Whiteside* (1982), 6 Ohio App. 3d 30, 6 OBR 140, 452 N.E. 2d 332.

For her first assignment of error Smith alleges that there was insufficient evidence to support the judgment of conviction. For the reasons that follow we find the assignment of error to be well-taken.

In assessing the sufficiency of the evidence, we must determine whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime of obstructing justice beyond a reasonable doubt. *Jackson* v. *Virginia* (1979), 443 U.S. 307, 318-319. A reviewing court will not reverse a verdict where there is substantial evidence upon which a trier of fact could reasonably conclude that all the elements of the offense have been proven beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132, syllabus. After reviewing the record before us, we do not find sufficient evidence of Smith's knowledge of King's presence within the apartment. Further, the record is devoid of any evidence that Smith knew of King's entry. Without proof of such knowledge, the state could not establish the necessary element of Smith's purpose to hinder King's discovery, apprehension, prosecution, conviction or punishment.

The second and fourth assignments of error allege, respectively, that the judgment of conviction is against the manifest weight of the evidence and that the judgment is contrary to law because

the evidence failed to establish that Smith acted with the requisite purpose to hinder. The issues raised by these assignments are subsumed in our disposition of the first assignment of error, which we found to have merit.

Accordingly, we sustain the first, second and fourth assignments of error. Finding the evidence insufficient to sustain the judgment, we reverse it and the appellant, Deborah Sue Smith, is ordered discharged.[3]

*Judgment reversed*
*and defendant discharged.*

KEEFE, P.J., and KLUSMEIER, J., concur.

---

[3] Normally a reversal of a conviction as being against the manifest weight of the evidence requires the cause to be remanded to the trial court for a new trial. See App. R. 12(C). However, pursuant to our decision concerning the first assignment of error, the appropriate remedy in this case is to reverse the judgment of conviction and order Smith discharged.